Clayeo C. Arnold, SBN 65070
Joshua H. Watson, SBN 238058
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
*Mark Speer*, *individually,*
*and on behalf of similarly situated employees*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SPEER, *individually, and on behalf of similarly situated employees*<br><br>         Plaintiff,<br>vs.<br><br>CALIFORNIA TV MAXAIR, HEARTLAND MEDIA, KHSL, KNVN<br><br>         Defendants. | Case No.:<br><br>**CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES**<br><br>  1. FAILURE TO PAY WAGES (FLSA)<br>  2. FAILURE TO PAY OVERTIME WAGES (CAL. LABOR CODE)<br>  3. FAILURE TO PAY STATUTORY WAGES FOR FAILURE TO PROVIDE MEAL BREAKS (CAL. LABOR CODE AND REGULATIONS)<br>  4. FAILURE TO TIMELY PAY WAGES (CAL. LABOR CODE AND REGULATIONS)<br>  5. FAILURE TO PAY WAGES DUE AT TERMINATION OF EMPLOYMENT<br><br>*PROPOSED FLSA COLLECTIVE ACTION*<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES

1

Comes now Plaintiff MARK SPEER, and those similarly situated, who allege and complains as follows on information and belief, and who prays for relief from the court.

## NATURE OF THE ACTION

1. Plaintiff is an employee who worked in Chico California in the control booth of a pair of jointly operated television stations. His job duties included providing that the transmission signal for one or more stations continued to be monitored and in transmitting condition. Plaintiff was required to continue his work without rest or meal breaks in which he was relieved of all duty. When he attempted to leave to have lunch in the company lunch room, where he could continue to monitor the signal on screens in that room, he was told he could not leave the control room. This is typical for employees in his position throughout Defendant's enterprise, which is nationwide and employs many controllers similarly situated to Plaintiff.

2. This is an opt-in FLSA collective action, and a Rule 23 class action as to state law claims.

## PARTIES

3. Plaintiff MARK SPEER (hereafter "PLAINTIFF") is an adult individual residing in California. PLAINTIFF was at relevant times employed jointly by CALIFORNIA TV MAXAIR, HEARTLAND MEDIA, KHSL, KNVN in Chico, California, located in Butte County, with each having the ability to control PLAINTIFF'S work.

4. References to DEFENDANT in this Complaint, refer to Defendants CALIFORNIA TV MAXAIR, HEARTLAND MEDIA, KHSL, KNVN collectively and individually.
   a. CALIFORNIA TV MAXAIR is located in Chico, CA.
   b. HEARTLAND MEDIA is located in Atlanta, GA.
   c. KHSL is located in Chico, CA.
   d. KNVN is located in Chico, CA.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction exists via federal question because Plaintiff alleges violation of the U.S. Fair Labor Standards Act (29 USC § 201) (hereafter, "FLSA").

6. The court also has supplemental jurisdiction over any and all state law allegations in this complaint because they are transactionally related to the employment at issue in the claims giving rise to the federal question upon which subject matter jurisdiction is based. (28 USC § 1367(a).)

7. Personal jurisdiction exists because DEFENDANT has at all relevant times operated two television stations within California, and employed PLAINTIFF and many other employees in California subject to California law and jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

8. PLAINTIFF and the class members were employed at all relevant times by DEFENDANT.

9. PLAINTIFF and the class members had employment with DEFENDANT that was at all relevant times as non-exempt employees entitled to at least minimum wage and payment for any overtime worked in compliance with law, including FLSA (and, as to Californians, the California Labor Code and related regulations).

10. PLAINTIFF is similarly situated to the following groups with respect to this action:

    a. All employees employed by any DEFENDANT as a person who operates the controls to keep DEFENDANT'S television signals in operation and transmitting in a station control room, including but not limited to all such employees in Chico, California.

11. PLAINTIFF and similarly situated employees working as signal controllers (or in similar positions even if named otherwise) were not compensated as required by FLSA or Cal. Labor Code, as stated below:

    a. The employees were non-exempt under FLSA and Cal. Labor Code but were never relieved of all duty despite working full time in a manner allowing them to

CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES

3

take lunch breaks.  However these employees did not receive overtime (which resulted because their uncompensated meal periods went unpaid as though they had been relieved of all duty).

12. DEFENDANT failed to pay the statutory wages and overtime wages resulting from the missed meal breaks and any rest breaks as alleged above.

13. DEFENDANT failed to include the statutory wages and overtime wages due as alleged above on employees' pay stubs.

14. DEFENDANT failed to pay all wages due, including overtime and statutory wages, upon termination or at any time thereafter to PLAINTIFF or those similarly situated whose employment has ended within the relevant statute of limitations.

15. DEFENDANT'S conduct was a knowing and deliberate attempt to evade minimum wage laws, including FLSA and the California Labor Code.  DEFENDANT was aware of all of its obligations under the FLSA and California Labor Code, including but not limited to the obligations that employees must be compensated for all time spent working, that accurate records were required, and that any premiums or statutory damages needed to be paid and reported on time stubs.  DEFENDANT made the knowing and deliberate determination not to comply with FLSA and the California Labor Code.  DEFENDANT'S conduct was knowing, intentional, oppressive, and malicious, and justifies an award of punitive/exemplary damages.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

16. PLAINTIFF brings this matter as a class/collective action, identifying the following class and subclass definitions:

    a. <u>The National FLSA Class:</u> The National FLSA Class in this matter consists of all current and past employees of DEFENDANT whose work was to operate the controls to keep DEFENDANT'S television signals in operation and transmitting in a station control room within the time period of the relevant statute(s) of limitation.

    b. <u>The California Subclass:</u>  The California Subclass in this matter consists of those

CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES

4

class members who performed work for DEFENDANT in California within the time period of the relevant statute(s) of limitation.

17. Plaintiff reserves the right to amend the complaint to amend the class definition or define or alter sub-classes.

18. <u>Ascertainability:</u>  The class members may be readily ascertained from DEFENDANT'S employment and payroll records.  Such records are in the custody and control of DEFENDANT.

19. <u>Numerosity:</u>  PLAINTIFF is informed and believes, and thereon alleges that DEFENDANT'S employees across the country suffer the same wrongs as Plaintiff but that their number and dispersion is such that it is not practicable to join all plaintiffs to the litigation, other than via an FLSA collective action or Rule 23 class action.

20. <u>Commonality:</u> Questions of law and fact of the class predominate over any individual concerns of class members.  Such common issues include but are not limited to:

    a. Establishing the job duties of signal controllers as related to the overtime exemption rules of FLSA;
    b. Establishing the job duties of signal controllers as related to the overtime exemption rules of the California Labor Code;
    c. Establishing the job duties of signal controllers as related to the overtime exemption rules of California Wage Order 5;
    d. Establishing that the violations of FLSA were willful and the result of DEFENDANT'S deliberate planning, extending the relevant statute of limitations;
    e. Determining the method of calculating damages for class members within each class and subclass;

21. <u>Typicality:</u>  The claims of the named Plaintiff are typical of the claims of the class members.  PLAINTIFF and all class members sustained injuries and damages arising out of and caused by the DEFENDANT'S common course of conduct in violation of laws, regulations that have the force and effect of law.

    a. All members of the National FLSA Subclass like the class representative in this Complaint, were denied payment of wages required by FLSA.

CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES

b. All members of the California Class, like the class representative in this Complaint, were denied payment of wages required by the California Labor Code, and payment of consequential statutory wages arising from the failure to pay and report such wages.

22. <u>Adequacy</u>: The named class representative has agreed to serve as a representative of all similarly situated employees to raise common claims. PLAINTIFF understands that as a class representative he will owe an obligation to work with competent counsel and take actions to promote, advance and prevail on the claims being made, not just individually, but for the collective group of employees as a whole. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has agreed to represent the proposed class and act in furtherance of the class interests. Plaintiff is aggrieved in a similar manner as the class members, with the only variation being the amount of loss and damage suffered by individual employees as a result of Defendants' common, uniform and systematic practice. Counsel who represent Plaintiff are appropriately competent in wage and hour and class litigation, and are readily able to successfully prosecute this class action.

23. <u>Superiority:</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over questions affecting only individual class members. Each class member has been damaged and is entitled to recovery by reason Defendant's unlawful behavior. A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

24. With respect to the National FLSA Class, this group is an opt-in collective not subject to Rule 23 certification, and will instead be identified and included according to the procedure provided for FLSA collective matters, including a timely motion for approval of the FLSA claim and opt-in notice to the members of this collective.

CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

## FAIR LABOR STANDARDS ACTION 29 U.S.C. § 207

## (BY PLAINTIFF and NATIONAL FLSA CLASS AGAINST DEFENDANT)

25. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

26. DEFENDANT failed to pay PLAINTIFF and similarly-situated employees for hours worked in excess of forty hours per week as required by 29 USC § 207 at the rate of one and one-half their regular rates of pay.

27. PLAINTIFF and similarly-situated employees pray for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award. This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

28. Due to the willful nature of DEFENDANT'S behavior, PLAINTIFF and similarly situated employees seek recovery for DEFENDANT'S conduct for the three years preceding the filing of the Complaint in this matter, pursuant to 29 USC § 255. In the alternative, PLAINTIFF and similarly situated employees seek recovery for DEFENDANT'S conduct for the two years preceding the filing of the Complaint in this matter.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

## CALIFORNIA LABOR CODE §§ 510, 1194, and WAGE ORDER NO. 11

## (BY PLAINTIFF AND CALIFORNIA CLASS AGAINST DEFENDANT)

CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES

29. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

30. Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in 1 workday and any work in excess of 40 hours in any one workweek and any work on the seventh consecutive day shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day, or in excess of 8 hours on the seventh consecutive day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. (Labor Code § 510 and applicable IWC Wage Order.)

31. PLAINTIFF is informed and believes, and based thereon alleges, that during all times relevant to this action, PLAINTIFF and the relevant subclass members worked more than 8 hours per workday on some occasions, and/or more than 40 hours per workweek, and/or performed work on the seventh consecutive day of working in an amount to be proven at trial, but did not receive any overtime wages for overtime hours suffered or permitted to work.

32. Based on the misconduct alleged in this Complaint, PLAINTIFF and the relevant subclass members seek to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY STATUTORY WAGES FOR FAILURE TO PROVIDE SUITABLE RESTING FACILITIES IN VIOLATION OF CALIFORNIA WAGE ORDER NO. 11**

**(BY PLAINTIFF, CALIFORNIA CLASS AGAINST DEFENDANT)**

33. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES

34. California Wage Order 11 is a California regulation governing the terms and conditions of DEFENDANT'S employment of workers in California, including Plaintiff and the relevant subclass members.

35. Wage Order 11 §§ 12-13 require DEFENDANT to provide "suitable resting facilities…in an area separate from the toilet rooms and shall be available to employees during work hours," requires DEFEDNANT "to provide an employee a rest period in accordance with the applicable provisions of the Order," and provides that "the employer shall pay employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the reset period is not provided."

36. DEFENDANT did not provide suitable rest facilities to the relevant subclasses, as alleged herein, but did not pay the required statutory wages owed as a result.

37. Based on the misconduct alleged in this Complaint, PLAINTIFF and the relevant subclass members seek to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES IN VIOLATION OF CALIFORNIA LABOR CODE § 204 AND RELATED AUTHORITIES

### (BY PLAINTIFF, CALIFORNIA CLASS AGAINST DEFENDANT)

38. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

39. Pursuant to California Labor Code § 204, "all wages … earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

40. Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES

41. As pled herein, Plaintiff and relevant class members have not been paid overtime wages and statutory wages.

42. Plaintiff and relevant class members seek damages, interest, attorney fees, and costs in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 203 (FAILURE TO PAY WAGES DUE AT TERMINATION OF EMPLOYMENT)

## (BY PLAINTIFF, CALIFORNIA CLASS AGAINST DEFENDANT)

43. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

44. DEFENDANT willfully failed to pay PLAINTIFF and relevant class members all wages due at the time of termination, including unpaid statutory wages and overtime wages.

45. PLAINTIFF therefore seeks damages and penalties as available at law for failure to pay final wages in full, including but not limited to those provided by Cal. Labor Code §203.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For damages according to proof;
2. For reasonable attorney fees and costs to the extent allowed by law;
3. For unpaid wages, overtime compensation, and penalties;
4. For prejudgment interest to the extent allowed by law;
5. For liquidated damages as provided for by law;
6. For statutory wages as provided for by law;
7. For orders as necessary to administrate this matter as a collective action pursuant to FLSA, including but not necessarily limited to ordering notice as appropriate for various stages of the litigation to all potential similarly situated claimants, including any opt-in claimants into this litigation,

CLASS ACTION AND COLLECTIVE COMPLAINT FOR DAMAGES

approving any settlement that may be proposed, and issuing orders to allow administering any settlement or trial proceeds as may be obtained in a trial in this matter;

8. For class certification and related relief pursuant to Rule 23;

9. For such other and further relief as this court deems just and proper.

For due process purposes, Plaintiff asserts damages of up to $3,000,000, including all damages and penalties due to Plaintiff and similarly situated employees. This number may be adjusted upwards or downwards in keeping with information obtained in conformity with law, and is asserted here for default-judgment purposes.

Respectfully submitted,

Date: January 3, 2020                             CLAYEO C. ARNOLD, APLC


By:    /s/ Joshua H. Watson
       Joshua H. Watson
       Attorney for Plaintiff


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all matters subject to determination by a jury.

Date: January 3, 2020                             CLAYEO C. ARNOLD
                                                  A Professional Law Corporation

By:    /s/ Joshua H. Watson
       Joshua H. Watson
       Attorney for Plaintiff