Clayeo C. Arnold, SBN 65070
Joshua H. Watson, SBN 238058
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SPEER<br><br>    Plaintiff,<br><br>vs.<br><br>CALIFORNIA TV MAXAIR, HEARTLAND MEDIA, KHSL, KNVN<br><br>    Defendants. | Case No.: 2:20-cv-00034-WBS-KJN<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR SETTLEMENT OF INDIVIDUAL FLSA CLAIM**<br><br>DATE:     APRIL 20, 2020<br>TIME:      1:30 PM<br>JUDGE:   WILLIAM B. SHUBB<br>CRTRM:   5, 14TH FLOOR<br><br>TRIAL DATE: *NOT YET SET* |

# I. INTRODUCTION

This is a wage and hour matter. Plaintiff Mark Speer also made employment law administrative claims in administrative claims before the EEOC and DFEH that were not incorporated into the Complaint in this matter. The matter has promptly settled on an individual basis.

The Complaint includes wage and hour allegations pursuant to the Fair Labor Standards Act ("FLSA") and the California Labor Code. Plaintiff seeks the court's approval to settle these wage and hour claims, as required by statute.

The settlement includes resolution of both the employment law and wage and hour allegations. Meet and confer called the merits of the wage and hour claims into question. As a result, Plaintiff proposes to settle his individual case, but to take no action on representative PAGA or FLSA claims. He will release all his individual claims of any kind. However, his release will in no way prejudice the rights of any other employee to bring wage and hour claims should they wish.

# II. FACTUAL ALLEGATIONS & OVERVIEW OF THE CASE

As alleged in the Complaint: Plaintiff was employed as a control booth operator at a television broadcasting facility in Chico. (ECF Dkt. 1, Complaint, para 1.) He alleges that he was required to stay on duty at all times, and was never provided any meal or rest periods during which he was relieved of all duty. (Id.) He contends that he nonetheless was treated as though he had received unpaid meal breaks, such that he worked about half an hour a day but was not paid for that time. (Id.) Plaintiff's job is very specific, and there is not a particularly large number of people with the same duties. Although he worked for an enterprise that allegedly controls/operates many television stations, each station is its own legal entity such that there are bona fide questions as to whether Plaintiff could represent anyone other than the handful of people at the broadcast location in Chico.

Defendants contest Plaintiff's account in almost every respect, and deny that Plaintiff was unlawfully denied meal and rest breaks and/or that Defendants otherwise violated any applicable wage and hour laws with regard to Plaintiff or others.

Separately, Plaintiff, who is older than 40, has contended that he was wrongfully terminated because of his age and/or disability, was denied a reasonable accommodation and/or was retaliated against. He filed a *pro se* administrative complaint to this effect dually with the EEOC and DFEH and a separate administrative complaint, with the assistance of counsel, with the DFEH. Defendants contest Plaintiff's allegations, maintaining that Plaintiff's separation of employment was based on legitimate, non-discriminatory and non-retaliatory business reasons unrelated to his age, disability and/or any legally protected conduct, that he was not denied a reasonable accommodation, and was not otherwise subjected to any unlawful discrimination or retaliation.

Counsel for the parties met and conferred on these topics, and reached the considered decision to resolve Mr. Speer's claims globally as an individual matter. Counsel for Plaintiff highlights that his individual claims made outside this litigation could call his suitability as a class representative into question. Certainly, the employment claims deal with some but not all of the parties involved in the proposed class, create different incentives for Mr. Speer than exist for the other putative class members, and create different incentives for Defendants to contemplate resolution. In this setting, individual resolution is pragmatic.

### III. LEGAL STANDARDS

**A. An Individual, Non-Collective FLSA Claim May Be Approved Where It Represents a Reasonable Compromise of Matters Actually In Dispute.**

Court approval is required for any FLSA settlement:

> The FLSA was enacted to protect workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739. The FLSA establishes federal-minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by a contract. *Beidleman v. City of Modesto*, No. 1:16-cv-0110-DAD-SKO, 2018 WL 1305713, at *1 (E.D. Cal. Mar. 13, 2018) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013) ). Thus, employee claims under the FLSA cannot be waived for fear that employers may coerce employees into settlement and waiver. *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. Jan. 29, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F.Supp.3d 170, 175 (S.D.N.Y. 2015) ). Accordingly, FLSA claims may only be waived or settled if settlement is supervised by the Secretary of Labor or approved by a district court. Id.
>
> *Dashiell v. Cty. of Riverside*, No. EDCV1500211JGBSPX, 2018 WL 3629915, at *2 (C.D. Cal. July 19, 2018)

Most (if not all) the authority on court approval of FLSA settlements deals with collective actions.  However, this is not a collective action for FLSA purposes.  The FLSA allows employees to "litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Daniel Campbell, et al. v. City of Los Angeles*, 903 F.3d 1090  (9th Cir. Sept. 13, 2018).

Because of the early stage of litigation, there has been no opt-in process. Thus, this case affects only this single plaintiff.

In that context, the test is whether "the court determines that 'the settlement reflects a reasonable compromise over issues that are actually in dispute'." *McKeen–Chaplin v. Franklin Am. Mortg. Co.*, No. C. 10–5243 SBA, 2012 WL 6629608, *2 (N.D.Cal. Dec. 19, 2012).  The analysis occurs in a context in which the court performs a protective function to guard the basic but firmly-enforced standards FLSA imposes.  *Ibid.*

### IV.   ANALYSIS

**A.   The Settlement Is Reasonable as a Blended FLSA\Employment Claim.**

Counsel for Plaintiff obtained his personnel file and payroll history through legal process.  Counsel then reviewed the payroll history to calculate the maximum recovery that Plaintiff could receive.  This included considering Plaintiff's rate of

pay, days per week of employment, period of employment within the relevant statutes of limitation, allegedly unpaid wages, and statutory wages and liquidated damages under the relevant law.  This totaled $10,120 for Mr. Speer.  (Watson Declaration.)  [Defendants, of course, do not endorse the notion that Plaintiff is owed anything.]

This leaves an additional $4,880 for the employment claim.  Counsel for Plaintiff carefully evaluated the employment claim, and is of the view that this payment is certainly adequate, given the pertinent facts.

The settlement will result in Mr. Speer recovering all of his allegedly unpaid wages, and an additional sum for alleged wrongful conduct related to his age.

## V. CONCLUSION

Plaintiff requests that the Court approve the settlement.

Respectfully Submitted,

Dated:  March 20, 2020					CLAYEO C. ARNOLD, APC

							By:   /s/ Joshua H. Watson
							       JOSHUA H. WATSON
							       *Attorneys for Plaintiff*

MEMORANDUM ISO MOTION FOR
SETTLEMENT APPROVAL                           5

4151-1300-0471.3