UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARK SPEER,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA TV MAXAIR, HEARTLAND MEDIA, KHSL, KNVN,<br><br>          Defendants. | No. 2:20-CV-00034 WBS KJN<br><br>ORDER APPROVING SETTLEMENT |

----oo0oo----

Plaintiff Mark Speer filed this action against defendants California TV Maxair, Heartland Media, KHSL, and KNVN (jointly "defendants") alleging various claims under state and federal wage and hour laws.  Separately, plaintiff filed a pro se administrative complaint with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"), and a separate administrative complaint, with the assistance of counsel, with the DFEH, alleging that plaintiff was wrongfully terminated.  Before the

1

court is plaintiff's unopposed motion for approval of a proposed settlement of both his individual wage and hour claims and his individual employment law claims.  (Mot. at 2 (Docket No. 4).)

I. Factual Background

Defendants operated as a television broadcasting facility where plaintiff worked as a control booth operator. (Compl. ¶ 1 (Docket No. 1).)  According to the complaint, plaintiff was required to continue his work without rest or meal breaks.  (Id.)  Plaintiff claims that when he attempted to leave to have lunch in the company lunchroom, where he could continue to monitor the signal on screens in that room, he was told he could not leave the control room.  (Id.)  Overall, plaintiff contends that he was treated as though he had received unpaid meal breaks and was not paid overtime wages.  (Id. ¶ 12-14.)

Plaintiff filed suit individually, and on behalf of all similarly situated employees, alleging the following causes of action: (1) failure to pay wages in violation of the Federal Labor Standards Act, 29 U.S.C. § 203; (2) failure to pay overtime wages in violation of the California Labor Code §§ 510, 1194 and California Wage Order No. 11; (3) failure to pay statutory wages for failure to provide meal breaks in violation of California Wage Order No. 11; (4) failure to pay timely wages in violation of the California Labor Code § 204; and (5) failure to pay wages due at termination of employment in violation of California Labor Code § 203.  (See generally Compl.)

Separately, plaintiff's EEOC and DFEH complaints allege that plaintiff, who is older than 40, was wrongfully terminated because of his age and/or disability, was denied a reasonable

2

accommodation, and/or was subject to retaliation.  (Mot at 4.)

Plaintiff's motion before this court is for settlement of his individual claims only.  Under the settlement agreement, defendants will pay plaintiff $15,000.  (See Mot. at 5.) Plaintiff, in turn, will release all his individual claims of any kind, including the employment law claims.  (Mot. at 2.)  The agreement does not prejudice the rights of any other employee to bring wage and hour claims.  (Mot. at 2.)

II. Discussion

Claims for unpaid wages under the Federal Labor Standards Act (FLSA) may be waived or otherwise settled only "if settlement is supervised by the Secretary of Labor or approved by a district court."  Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (citing Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dept. of Labor, Emp't Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352–53 (11th Cir. 1982); Meza v. 317 Amsterdam Corp., 14-CV-9007 (VSB), 2015 WL 9161791, *1 (S.D.N.Y. Dec. 14, 2015)).  "The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved." Beidleman v. City of Modesto, No. 1:16-CV-01100 DAD SKO, 2018 WL 1305713, at *2 (E.D. Cal. Mar. 13, 2018) (citing Dunn v. Teachers Ins. & Annuity Ass'n of Am., No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)).  District courts in the Ninth Circuit have instead "normally applied a widely-used standard adopted by the Eleventh Circuit, looking to whether the settlement is a fair and reasonable resolution of a bona fide dispute."  Id. (citing Dunn, 2016 WL 153266, at *3;  Lynn's Food

Stores, 679 F.2d at 1352–53); see also Selk, 159 F. Supp. 3d at 1172.

     A.    Bona Fide Dispute

"A bona fide dispute exists when there are legitimate questions about 'the existence and extent of Defendant's FLSA liability.'"  Id.  "If there is no question that the FLSA entitles plaintiffs to the compensation they seek, then a court will not approve a settlement because to do so would allow the employer to avoid the full cost of complying with the statute."  Id. (citing Socias v. Vornado Realty L.P., 297 F.R.D. 38, 41 (E.D.N.Y. 2014); Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011)).

The court finds that this case reflects a bona fide dispute between the parties over defendants' FLSA liability. Plaintiff alleges that he was required to stay on duty at all times, and that he was never provided any meal or rest periods during which he was relieved of all duty.  (Mot. at 2.) Plaintiff contends that he nonetheless was treated as though he had received unpaid meal breaks, which resulted in plaintiff working half an hour a day for no pay.  (Id.)  Defendants contest plaintiff's account "in almost every respect, and deny that Plaintiff was unlawfully denied meal and rest breaks."  (Mot. at 3.)

Further, on a representative level, it is uncertain whether plaintiff could obtain class certification because "there are not a large number of employees within his subdivision that are similarly situated to him."  (Decl. of Joshua L. Watson ¶ 4 (Docket No. 4-2).)

4

These issues raise legitimate questions as to whether defendants are liable under the FLSA.  The proposed settlement thus satisfies the bona-fide-dispute requirement.  See Selk, 159 F. Supp. 3d at 1174.

### B. Fair and Reasonable Settlement

A fair and reasonable FLSA settlement is one that "reflects 'a reasonable compromise over [disputed] issues.'" McKeen-Chaplin v. Franklin Am. Mortg. Co., No. C 10-5243 SBA, 2012 WL 6629608, at *3 (N.D. Cal. Dec. 19, 2012) (citing Lynn's Food Stores, 679 F.2d at 1354).  The court finds that the proposed settlement reflects such a compromise.

First, the settlement amount adequately reflects the value of plaintiff's FLSA claim.  Plaintiff's counsel reviewed the payroll history to calculate the maximum recovery that plaintiff could receive.  (Mot. at 4-5.)  Counsel's calculation considered plaintiff's rate of pay, days per week of employment, period of employment within the relevant statutes of limitation, allegedly unpaid wages, and statutory wages and liquidated damages under the relevant law.  (Id.)  If successful, plaintiff's maximum recovery under state and federal wage and hour laws would total $10,120.  (Watson Decl. ¶ 6.)  Plaintiff's maximum recovery for only his FLSA claim would total $5,060.  (Id.)  The proposed settlement of $15,000 thus "obtains all available relief for Mr. Speer, including all money available under the FLSA."  (Id. ¶ 7.)

The settlement also reflects a reasonable compromise over plaintiff's employment law claims.  Subtracting plaintiff's maximum recovery for wage and hour law claims from the settlement

amount, the settlement awards plaintiff $4,880 for plaintiff's employment law claims.  After reviewing the facts related to these claims, and after evaluating both the potential for defendants to successfully claim that the termination was justified and the potential for plaintiff to successfully claim that the alleged justification was a mere pretext, plaintiff contends that the claim has an "existent but minimal settlement value."  (Watson Decl. ¶ 5.)  Accordingly, the settlement amount of $4,880 is a fair reflection of the value of this claim. Because the settlement amount is a reasonable compromise over disputed issues, the court finds that the settlement is fair and reasonable.

        IT IS THEREFORE ORDERED that plaintiff's unopposed motion for approval of the proposed settlement (Docket No. 4) be, and the same hereby is, GRANTED.  The parties shall execute the settlement forthwith and promptly thereafter request dismissal of this action.

Dated:  May 1, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE